<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ROSALIN DENISE MARSHALL,<br><br>Plaintiff,<br><br>v.<br><br>ANNIE SCOTT, *et al.*,<br><br>Defendants. | Civil Action No. 23-01675 (SDW) (CLW)<br><br>**WHEREAS OPINION**<br><br>March 30, 2023 |

   **THIS MATTER** having come before this Court upon Plaintiff Rosalin Denise Marshall's ("Plaintiff") Complaint, (D.E. 1), filed on March 27, 2023, against Defendants Annie Scott, Louisa Scott, and James Scott (the "Scott Defendants"), and the Newark Tax Assessor, (collectively "Defendants"); and

   **WHEREAS** Plaintiff's current Complaint is difficult to comprehend but appears to allege that her mother, "who passed away June 24, 1988," owned a property at 129 East 19th Street, East Orange, New Jersey (the "Property"), the Property was sold by her brother after her mother's death, and then the Property was re-sold multiple times thereafter.[1]  (D.E. 1 at 6.)  The Scott Defendants have owned the Property since 2004.  (D.E. 1-2 at 3–5.)  Plaintiff asserts that she is entitled to claim ownership of the property, and requests that the Scott Defendants vacate the

---

[1] In a prior, related filing, Plaintiff claimed financial injury related to a 1989 real estate transaction in which her brother, Rashaan Sheriff and attorney Howard L. Kalpaus, Esq. allegedly sold the Property and failed to compensate her for her portion of her mother's estate. *See Marshall v. Kaplaus, et al.*, 23-cv-01022.  This Court dismissed that Complaint pursuant to the *Rooker-Feldman* Doctrine.  *Id.*

Property and "refer to [sic] their current Mortgage Company [sic] to transfer the Title or Deed [sic] to another property that the Mortgage Company possesses." (D.E. 1 at 6.); and

**WHEREAS** a *pro se* litigant's submission to a court, although "[held] to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972), must still "'state a plausible claim for relief.'" *Yoder v. Wells Fargo Bank, N.A.*, 566 F. App'x. 138, 141 (3d Cir. 2014) (quoting *Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013)); *Martin v. U.S. Dep't of Homeland Sec.*, No. 17-3129, 2017 WL 3783702, at *3 (D.N.J. Aug. 30, 2017); and

**WHEREAS** the facts alleged in Plaintiff's Complaint amount to general grievances and are insufficient to support a claim entitling Plaintiff to relief. *See* FED. R. CIV. P. 8(a)(2) (providing that an adequate complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief"); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (stating that although Rule 8 does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (explaining that to survive a Rule 12(b)(6) motion, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level"). The Complaint does not indicate specific and cognizable legal bases for the allegations, and instead presents conclusory statements and largely indecipherable allegations and demands; and

**WHEREAS** the sale of the Property at issue and settlement of Plaintiff's mother's estate allegedly occurred over three decades ago. The statute of limitations for any potential claims related to the Property will have long expired. Consequently, amendment of the Complaint would be futile. *See, e.g.*, *Jablonski v. Pan Am. World Airways, Inc.*, 863 D.2d 289, 292 (3d Cir. 1988)

("Amendment of [a] complaint is futile if the amendment will not cure the deficiency in the original complaint . . . ."); therefore

Plaintiff's Complaint is *sua sponte* **DISMISSED** for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), and this matter shall be closed.  An appropriate order follows.

__/s/ Susan D. Wigenton____
**United States District Judge**

Orig:   Clerk
cc:      Cathy L. Waldor, U.S.M.J.
          Parties